**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAVIER ESTRELLA,**

                  **Plaintiff,**

**-vs-**                                   **Case No.  6:13-cv-606-Orl-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                  **Defendant.**

_____

## MEMORANDUM OF DECISION

Javier Estrella (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Claimant's claim for reinstatement of benefits. *See* Doc. No. 1. The Commissioner previously determined Claimant to be disabled as of August 11, 2004, due to lumbar radiculopathy with chronic low back pain. R. 26, 28. On February 1, 2011, the Commissioner determined that Claimant demonstrated medical improvement and was no longer disabled beginning April 1, 2011. R. 26, 56-57, 63-65, 81-85.

Claimant challenged the Commissioner's decision to terminate Claimant's benefits, and on January 4, 2012, a hearing was held before Administrative Law Judge Janet Mahon (the "ALJ"). R. 41-54, 86. On January 24, 2012, the ALJ issued a decision finding that, as of April 1, 2011, Claimant was no longer disabled. R. 26-35.[1] On April 12, 2013, Claimant appealed the

---

[1] The Commissioner may terminate a claimant's benefits upon a finding that there has been medical improvement in the claimant's impairment or combination of impairments related to the claimant's ability to engage in substantial

final decision of the Commissioner to District Court.  Doc. No. 1.

Claimant argues that the final decision of the Commissioner is not supported by substantial evidence and should be reversed for further proceedings because the ALJ failed to order a consultative mental health evaluation.  Doc. No. 15 at 16 (citing *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988)).  For the reasons more fully discussed below, the Commissioner's final decision is **REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).**

---

gainful activity.  *See* 42 U.S.C. § 423(f)(1).  In order to determine whether to terminate a claimant's benefits, the ALJ must conduct the following multi-step evaluation and determine:

> 1) Whether the claimant is engaging in substantial gainful activity;
>
> 2) If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;
>
> 3) If impairments do not meet a listing, whether there has been medical improvement;
>
> 4) If there has been improvement, whether the improvement is related to the claimant's ability to do work;
>
> 5) If there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies;
>
> 6) If medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a severe impairment;
>
> 7) If the claimant has a severe impairment, whether the claimant can perform past relevant work; and
>
> 8) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*See* 20 C.F.R. § 404.1594(f); *Chereza v. Commissioner of Social Security*, 379 F. App'x. 934, 938 (11th Cir. May 21, 2010) (unpublished).  "To determine if there has been medical improvement, the ALJ must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence."  *Chereza*, 379 F. App'x. at 938 (citing *McAulay v. Heckler*, 749 F.2d 1500 (11th Cir. 1985)).

## I.    <u>ANALYSIS</u>.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

42 U.S.C. 421(h) provides that "in any case where there is evidence which indicates the existence of a mental impairment," a determination that a claimant is not disabled "shall be made only if the Commissioner . . . has made every reasonable effort to ensure that a qualified psychiatrist or psychologist" has offered an opinion or reviewed the record. *Id.* In *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988), the Eleventh Circuit stated that where there is evidence indicating the existence of a mental impairment, the Commissioner may determine that the claimant is not under a disability only if the Commissioner has made "every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist." *Id.* (quoting 42 U.S.C. §

421(h)). In *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006) (unpublished), the Eleventh Circuit stated that *McCall* "interprets § 421(h) [to] require an ALJ to order a psychological consultation where there is evidence of a mental impairment." *Id.*[2]

Relying upon *McCall*, Claimant argues that the ALJ erred because there is evidence of mental impairment, including Claimant's testimony (R. 48-49) and the opinion of Claimant's treating psychiatrist (R. 320), but ALJ did not order a consultative mental health examination nor does the record contain any other evidence concerning Claimant's alleged mental impairment. Doc. No. 15 at 16. The Commissioner does not directly address Claimant's argument, utterly fails to address *McCall*, and simply argues that the ALJ properly rejected the opinion of Claimant's treating psychiatrist and substantial evidence supports the ALJ's findings. Doc. No. 18 at 9-11.

In his October 31, 2011 Disability Report, Claimant alleged that he is suffering from "more depression." R. 176. On November 4, 2011, Dr. M. Roy Kremberg, a board certified psychiatrist, provided the following opinion:

> [Claimant] has been under my care since 2005 for emotional and/or psychiatric concerns. [Claimant] is currently being treated for [ ] Posttraumatic stress disorder, [ ] Recurrent major depression severe and [ ] Generalized anxiety.
>
> [Claimant] is currently on Cymbalta 60mg, Zyprexa 15mg and Silenor 6mg, Rozerem 8mg. It is my professional opinion that due to the above conditions [Claimant] is unable to work.

R. 320. Thus, the record contains the opinion of a board certified psychiatrist that Claimant suffers from three severe mental impairments. R. 320.[3] At the hearing, Claimant voluntarily

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

appeared without counsel and testified that he suffers from depression and is being treated by Dr. Kremberg. R. 48-49.

The ALJ did not order a consultative mental health exam nor did a psychologist or psychiatrist provide a non-examining opinion based upon a records review. R. 1-335. In short, the record contains no other evidence from a mental health professional, psychologist or psychiatrist. In the decision, the ALJ found that Claimant's medically determinable impairment of depression is not severe. R. 28. The ALJ based that finding solely on Claimant's activities of daily living, his ability to socialize, and the treatment records of an internist that Claimant has no memory disturbances. R. 28. The ALJ gave "limited weight" to Dr. Kremberg's opinion because: 1) it is not consistent with the medical evidence of record; 2) there are no treatment records from Dr. Kremberg in the record; 3) an opinion that a claimant is disabled is an opinion reserved for the Commissioner; and 4) Claimant did not report taking any psychotropic medications to the physical consultative examiner. R. 29.

The Court finds that the ALJ erred by failing to order a consultative mental health examination or otherwise obtain an opinion from a psychologist or psychiatrist regarding Claimant's mental health impairment. In *McCall*, 846 F.2d at 1320, the Eleventh Circuit indicated that a claimant's testimony plus evaluations from her treating physical physicians indicating the existence of a mental impairment may trigger the duty under 42 U.S.C. § 421(h) to obtain a consultative psychological or psychiatric examination. Here, Claimant's statements in his Disability Function Report (R. 176), his testimony (R. 48-49), and the opinion of his treating psychiatrist (R. 320) clearly indicate the presence of mental impairment(s), which warrant further

---

[3] Dr. Kremberg's opinion also provides a telephone number and his business address, if there are any questions regarding his opinion. R. 320.

inquiry.   In this case, without a consultative mental health examination or other evidence from a qualified psychologist or psychiatrist, the final decision is not supported by substantial evidence. Accordingly, the final decision must be remanded for further proceedings.[4]

## II.    CONCLUSION.

Based on the forgoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and to close the case. Direct the Clerk to enter judgment in favor of the Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on July 16, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:


The Honorable Janet Mahon
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Drive

---

[4] Claimant also argues that the case should be reversed and remanded for further proceedings because: (1) the ALJ lacked good cause, supported by substantial evidence, to reject or give little weigh to the opinions of Claimant's treating physicians; (2) the ALJ's credibility determination is not supported by substantial evidence; and (3) new and material evidence presented to the Appeals Counsel renders the denial of benefits erroneous.  Doc. No. 15 at 10-22. This case must be reversed and remanded for further proceedings based on the ALJ's above-stated error.  On remand, the ALJ will necessarily have to reconsider all of the evidence, including the evidence submitted to the Appeals Council and, therefore, it is unnecessary to consider Claimant's other arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Suite 300
Orlando, Florida 32817-9801